1  Sterling A. Brennan (CA State Bar No. 126019; E-Mail: sbrennan@mabr.com)
2  Tyson K. Hottinger (CA State Bar No. 253221; E-Mail: thottinger@mabr.com)
   MASCHOFF BRENNAN LAYCOCK
3    GILMORE ISRAELSEN & WRIGHT
4  20 Pacifica, Suite 1130
   Irvine, California 92618
5  Telephone:  (949) 202-1900
6  Facsimile:   (949) 453-1104

FILED
CLERK, U.S. DISTRICT COURT

DEC - 5 2013

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

7  Attorneys for Defendant and Counterclaimant DEALERSOCKET, INC.

8

9                    **UNITED STATES DISTRICT COURT**

10                   **CENTRAL DISTRICT OF CALIFORNIA**

11

12  AUTOALERT, INC.,                      Case No. 8:13-cv-00657-SJO (JPR)

13          Plaintiff,                    **DEALERSOCKET, INC.'S**
                                          **ANSWER TO AUTOALERT,**
14                                        **INC.'S FIRST AMENDED**
15      v.                                **COMPLAINT; AND**
                                          **COUNTERCLAIMS**
16  DEALERSOCKET, INC.,
                                          **JURY TRIAL DEMANDED**
17          Defendant.

18                                        HON. S. JAMES OTERO
19  DEALERSOCKET, INC., a Delaware        UNITED STATES DISTRICT JUDGE
20  corporation,

21          Counterclaimant,

22      v.

23

24  AUTOALERT, INC., a Nevada
    corporation,
25

26          Counterdefendant.

27

28

ANSWER TO FIRST AMENDED
COMPLAINT; COUNTERCLAIMS

1    Defendant and counterclaimant DealerSocket, Inc. ("DealerSocket"), by and

2    through its undersigned attorneys of record, hereby answers the "First Amended

3    Complaint for Patent Infringement" (ECF No. 51; "Amended Complaint") filed on behalf

4    of plaintiff and counterdefendant AutoAlert, Inc. ("AutoAlert") in the above-captioned

5    action ("Action") on November 21, 2013, as follows:

6                              **JURISDICTION AND VENUE**

7         1.    DealerSocket admits that this Action arises under the Patent Laws of the

8    United States, as codified in Title 35 of the United States Code.

9         2.    DealerSocket admits that this Court has subject matter jurisdiction with

10   respect to the claims AutoAlert has pleaded in the Amended Complaint, pursuant to 28

11   U.S.C. §§ 1331 and 1338(a).

12        3.    DealerSocket admits that venue is proper in this Judicial District pursuant to

13   28 U.S.C. §§ 1391(b) & (c) and 1400(b).

14                                   **PARTIES**

15        4.    DealerSocket admits that, despite AutoAlert's initial claim to being a

16   California corporation, AutoAlert is, in fact, a Nevada corporation.  DealerSocket also

17   acknowledges that AutoAlert claims to have its principal place of business at 9050 Irvine

18   Center Drive, Irvine, California 92618.  DealerSocket further alleges that AutoAlert was

19   previously known as Codd, Cotton & Warner, Inc., and that it subsequently changed its

20   name to "AutoAlert, Inc."

21        5.    DealerSocket admits that it is a corporation organized and existing under the

22   laws of State of Delaware.  It presently has its principal place of business at 100 Avenida

23   La Pata, San Clemente, California 92673.

24        6.    DealerSocket admits that it conducts business within the United States,

25   including in this Judicial District.

26        7.    DealerSocket admits the allegations of paragraph 7 of the Amended

27   Complaint, excepting that in Australia DealerSocket licenses to a reseller.

28

                                        1

1      8.     DealerSocket would not describe its business as alleged in paragraph 8 of the Amended Complaint.  Nonetheless, the allegations of paragraph no. 8 are, in a very general sense, correct.

9.     DealerSocket admits that AutoAlert sent a letter to DealerSocket dated June 15, 2012, which was accompanied by copies of what were purported to be U.S. Patent Nos. 7,827,099 ("'099 patent"), 8,005,752 ("'752 patent"), 8,086,529 ("'529 patent"), and 8,095,461 ("'461 patent").  DealerSocket further admits that the June 15, 2012 letter mentioned RevenueRadar.  DealerSocket denies that paragraph 9 of the Amended Complaint accurately and completely sets forth the content of the June 15, 2012 letter.  DealerSocket further denies the remaining allegations of paragraph 9 of the Amended Complaint, and any implication that such letter provided any "notice" to DealerSocket.

10.     DealerSocket admits that AutoAlert sent a letter to DealerSocket dated March 12, 2013, which was accompanied by a copy of what purported to be U.S. Patent No. 8,396,791 ("'791 patent").  DealerSocket denies that paragraph 10 of the Amended Complaint accurately and completely sets forth the content of the March 12, 2013 letter.  DealerSocket further denies the remaining allegations of paragraph 10 of the Amended Complaint, and any implication that such letter provided any "notice" to DealerSocket.

## FIRST CLAIM FOR RELIEF

## ALLEGED INFRINGEMENT OF U.S. PATENT NO. 7,827,099

11.     DealerSocket incorporates by reference its responses to paragraphs 1–10 of the Amended Complaint above as though fully set forth hereat.

12.     DealerSocket admits that attached to the Amended Complaint is a document that appears to be a copy of the '099 patent.  DealerSocket is presently without information sufficient to definitively confirm the truth of the remaining allegations of paragraph 12 of the Amended Complaint, and on that basis denies them.

/ / /

/ / /

13.    DealerSocket is presently without information sufficient to definitively confirm the truth of the allegations of paragraph 13 of the Amended Complaint, and on that basis denies them.

14.    DealerSocket admits that it has developed, operates, and distributes computer software under the tradename "RevenueRadar." DealerSocket denies the remaining allegations of paragraph 14 of the Amended Complaint.

15.    DealerSocket denies the allegations of paragraph 15 of the Amended Complaint.

16.    DealerSocket denies the allegations of paragraph 16 of the Amended Complaint.

17.    DealerSocket denies the allegations of paragraph 17 of the Amended Complaint.

18.    DealerSocket denies the allegations of paragraph 18 of the Amended Complaint.

## SECOND CLAIM FOR RELIEF

## ALLEGED INFRINGEMENT OF U.S. PATENT NO. 8,005,752

19.    DealerSocket incorporates by reference its responses to paragraphs 1–10 of the Amended Complaint above as though fully set forth hereat.

20.    DealerSocket admits that attached to the Amended Complaint is a document that appears to be a copy of the '752 patent. DealerSocket is presently without information sufficient to definitively confirm the truth of the remaining allegations of paragraph 20 of the Amended Complaint, and on that basis denies them.

21.    DealerSocket is presently without information sufficient to definitively confirm the truth of the allegations of paragraph 21 of the Amended Complaint, and on that basis denies them.

22.    DealerSocket admits that it has developed, operates, and distributes computer software under the tradename "RevenueRadar." DealerSocket denies the remaining allegations of paragraph 22 of the Amended Complaint.

3

23.     DealerSocket denies the allegations of paragraph 23 of the Amended Complaint.

24.     DealerSocket denies the allegations of paragraph 24 of the Amended Complaint.

25.     DealerSocket denies the allegations of paragraph 25 of the Amended Complaint.

26.     DealerSocket denies the allegations of paragraph 26 of the Amended Complaint.

## THIRD CLAIM FOR RELIEF

## ALLEGED INFRINGEMENT OF U.S. PATENT NO. 8,086,529

27.     DealerSocket incorporates by reference its responses to paragraphs 1–10 of the Amended Complaint above as though fully set forth hereat.

28.     DealerSocket admits that attached to the Amended Complaint is a document that appears to be a copy of the '529 patent.  DealerSocket is presently without information sufficient to definitively confirm the truth of the remaining allegations of paragraph 28 of the Amended Complaint, and on that basis denies them.

29.     DealerSocket is presently without information sufficient to definitively confirm the truth of the allegations of paragraph 29 of the Amended Complaint, and on that basis denies them.

30.     DealerSocket admits that it has developed, operates, and distributes computer software under the tradename "RevenueRadar."  DealerSocket denies the remaining allegations of paragraph 30 of the Amended Complaint.

31.     DealerSocket denies the allegations of paragraph 31 of the Amended Complaint.

32.     DealerSocket denies the allegations of paragraph 32 of the Amended Complaint.

33.     DealerSocket denies the allegations of paragraph 33 of the Amended Complaint.

34.  DealerSocket denies the allegations of paragraph 34 of the Amended Complaint.

### FOURTH CLAIM FOR RELIEF

### ALLEGED INFRINGEMENT OF U.S. PATENT NO. 8,095,461

35.  DealerSocket incorporates by reference its responses to paragraphs 1–10 of the Complaint above as though fully set forth hereat.

36.  DealerSocket admits that attached to the Amended Complaint is a document that appears to be a copy of the '461 patent.  DealerSocket is presently without information sufficient to definitively confirm the truth of the remaining allegations of paragraph 36 of the Amended Complaint, and on that basis denies them.

37.  DealerSocket is presently without information sufficient to definitively confirm the truth of the allegations of paragraph 37 of the Amended Complaint, and on that basis denies them.

38.  DealerSocket admits that it has developed, operates, and distributes computer software under the tradename "RevenueRadar."  DealerSocket denies the remaining allegations of paragraph 38 of the Amended Complaint.

39.  DealerSocket denies the allegations of paragraph 39 of the Amended Complaint.

40.  DealerSocket denies the allegations of paragraph 40 of the Amended Complaint.

41.  DealerSocket denies the allegations of paragraph 41 of the Amended Complaint.

42.  DealerSocket denies the allegations of paragraph 42 of the Amended Complaint.

### FIFTH CLAIM FOR RELIEF

### ALLEGED INFRINGEMENT OF U.S. PATENT NO. 8,396,791

43.  DealerSocket incorporates by reference its responses to paragraphs 1–10 of the Complaint above as though fully set forth herein.

5

44.     DealerSocket admits that attached to the Amended Complaint is a document that appears to be a copy of the '791 patent.  DealerSocket is presently without information sufficient to definitively confirm the truth of the remaining allegations of paragraph 44 of the Amended Complaint, and on that basis denies them.

45.     DealerSocket admits that it has developed, operates, and distributes computer software under the tradename "RevenueRadar."  DealerSocket denies the remaining allegations of paragraph 45 of the Amended Complaint.

46.     DealerSocket denies the allegations of paragraph 46 of the Amended Complaint.

47.     DealerSocket denies the allegations of paragraph 47 of the Amended Complaint.

48.     DealerSocket denies the allegations of paragraph 48 of the Amended Complaint.

## PRAYER FOR JUDGMENT AND RELIEF

DealerSocket is not required to respond to the "Prayer for Judgment and Relief" in the Amended Complaint.  Nonetheless, to the extent that the paragraphs of the Amended Complaint under that heading may be deemed to allege any factual or legal entitlements to the relief requested, DealerSocket denies each and every such allegation, and specifically denies that AutoAlert is entitled to the requested, or any, relief.

## ADDITIONAL AND AFFIRMATIVE DEFENSES

Without admitting or acknowledging what must be alleged by way of affirmative defenses or that DealerSocket bears the burden of proof as to any of the defenses set forth herein, DealerSocket alleges the following as additional or affirmative defenses to the Amended Complaint, to the purported claims therein, and to the relief sought therein.

### First Defense:  Failure to State a Claim

The Amended Complaint fails to state a claim upon which relief can be granted.

/ / /

/ / /

6

### Second Defense:  Non-Infringement

DealerSocket has not infringed, either literally or under the doctrine of equivalents, the '099 patent, the '752 patent, the '529 patent, the '461 patent, or the '791 patent (collectively, the "Asserted Patents").

### Third Defense:  Invalidity

One or more claims of each of the Asserted Patents are invalid for failing to satisfy conditions for patentability including without limitation those prescribed by 35 U.S.C. §§ 101, 102, 103, and 112.

### Fourth Defense:  Failure to Mark

AutoAlert is precluded from recovering any damages arising before the filing and service of the "Complaint for Patent Infringement" (ECF No. 1) due to the failure of AutoAlert to give proper notice pursuant to 35 U.S.C. § 287.

### Fifth Defense:  Unclean Hands, Waiver, Laches, Estoppel

AutoAlert's claims are barred in whole or in part by one or more of the doctrines of unclean hands, waiver, laches, estoppel, or other equitable doctrines.

### Sixth Defense:  Prosecution History Estoppel

AutoAlert's claims of patent infringement against DealerSocket are barred in whole or in part by the doctrines of prosecution history estoppel or prosecution disclaimer, ensnarement, or claim vitiation.

### Seventh Defense:  Limitation of Remedy

AutoAlert is precluded from obtaining any preliminary injunctive relief against DealerSocket due to AutoAlert's prejudicial delay in seeking any such relief.

### Eighth Defense:  Unenforceability

Without conceding or acknowledging that the subject matter of the Asserted Patents constitutes a novel or patentable "invention" under the Patent Laws, each of the Asserted Patents is unenforceable due to the concealment from the United States Patent and Trademark Office, by the named "inventor," Jeffrey S. Cotton ("Cotton") and others

ANSWER TO FIRST AMENDED
COMPLAINT; COUNTERCLAIMS

involved in the prosecution of the patents, of the true "inventor," Bradley H. Codd ("Codd").

### *Further Additional Defenses*

In addition to the defense set forth above, DealerSocket reserves the right to raise, assert, rely upon, or add any new or additional defenses under Federal Rule of Civil Procedure ("Rule") 8(c), the laws of the United States, the laws of any other governing jurisdictions that may exist or in the future be applicable based on discovery and further factual investigation in this Action, and reserves the right to amend any and all defenses set forth above as discovery proceeds.

## DEALERSOCKET'S COUNTERCLAIMS

Pursuant to Rule 13, DealerSocket counterclaims against AutoAlert as follows:

### *Jurisdiction and Parties*

1.   This Court has subject matter jurisdiction over DealerSocket's counterclaims under 28 U.S.C. §§1331, 1338(a), 1367, 2201, and 2202.

2.   This Court has general personal jurisdiction over AutoAlert, and pendent personal jurisdiction over AutoAlert in connection with DealerSocket's counterclaims.

3.   There exists an actual and justiciable controversy between DealerSocket and AutoAlert with regard to the validity, enforceability, and infringement of the Asserted Patents.

4.   DealerSocket is a Delaware corporation having a principal place of business at 100 Avenida La Pata, San Clemente, California 92673.

5.   AutoAlert has pleaded in its Amended Complaint that it is a California corporation having a principal place of business at 9050 Irvine Center Drive, Irvine, California 92618.

### *General Allegations*

6.   AutoAlert accuses DealerSocket of infringing the Asserted Patents. DealerSocket denies those allegations, and alleges that the Asserted Patents are unenforceable and any claims of the Asserted Patents that are asserted against

ANSWER TO FIRST AMENDED
COMPLAINT; COUNTERCLAIMS

1  DealerSocket are invalid.  Moreover, DealerSocket contends that it does not infringe the
2  claims of the Assured Patents.

3      7.    DealerSocket alleges that the subject matter of the Asserted Patents is
4  neither novel nor patentable, and that because the Asserted Patents do not disclose
5  patentable subject matter there is no patentable invention—hence there is no true
6  "inventor" within the meaning of the Patent Laws.  But, as between Codd and Cotton,
7  Codd was the one to have "conceived" of, and reduced to practice, the subject matter of
8  the claims of the Asserted Patents.

9      ***First Claim for Relief:  Declaration of Non-Infringement of the '099 Patent***

10     8.    DealerSocket hereby realleges and incorporates the foregoing paragraphs 1–
11  7 of these Counterclaims as if set forth in full hereat.

12     9.    DealerSocket has not used and does not use any method protected by any
13  valid, enforceable, and asserted claim of the '099 patent.

14     10.   DealerSocket has not made, used, sold, offered for sale, or imported, and
15  DealerSocket does not make, use, sell, offer for sale, or import, any system protected by
16  any valid, enforceable, and asserted claim of the '099 patent.

17     11.   By reason of the foregoing, DealerSocket is entitled to this Court's
18  declaration that it does not infringe the '099 patent.

19     ***Second Claim for Relief:  Declaration of Invalidity of the '099 Patent***

20     12.   DealerSocket hereby realleges and incorporates the foregoing paragraphs 1–
21  11 of these Counterclaims as if set forth in full hereat.

22     13.   Each of the asserted claims of the '099 patent is invalid:

23         a.    under 35 U.S.C. § 101, for at least the reason that it is directed to an
24               abstract idea;

25         b.    under 35 U.S.C. § 102, for at least the reason that Cotton, the only
26               named inventor, did not invent (or at least was not the sole inventor
27               of) the subject matter of that claim, and Codd, who claims to have

28

conceived and reduced that subject matter to practice, was omitted otherwise than through error;

    c.    under 35 U.S.C. § 103, for at least the reason that it is directed to the computerized automation of a previously known process;

    d.    under 35 U.S.C. § 112, for at least the reason that it lacks written description support;

    e.    under 35 U.S.C. § 112, for at least the reason that it does not particularly point out and distinctly claim the putative invention; and/or

    f.    under 35 U.S.C. §§ 102 and/or 103 as anticipated by or obvious in light of the prior art.

14.    By reason of the foregoing, DealerSocket is entitled to this Court's declaration that the asserted claims of the '099 patent are invalid.

### Third Claim for Relief:  Declaration of Unenforceability of the '099 Patent

15.    DealerSocket hereby realleges and incorporates the foregoing paragraphs 1–14 of these Counterclaims as if set forth in full hereat.

16.    Codd claims to have conceived and reduced to practice the computerized implementation of a previously known process to which the asserted claims of the '099 patent are directed.

17.    Codd's claimed conception and reduction to practice of the subject matter of the asserted claims of the '099 patent was and is material to patentability.

18.    On information and belief, Cotton and others associated with the filing and prosecution of the '099 patent knew that Codd had conceived and reduced to practice the subject matter of the asserted claims of the '099 patent.

19.    On information and belief, Cotton and others associated with the filing and prosecution of the '099 patent knew that Codd's conception and reduction to practice of the subject matter of the asserted claims of the '099 patent was material.

/ / /

10

20.     By reason of the foregoing, DealerSocket is entitled to this Court's declaration that the '099 patent is unenforceable due to inequitable conduct in its preparation, filing, and prosecution.

***Fourth Claim for Relief:  Declaration of Non-Infringement of the '752 Patent***

21.     DealerSocket hereby realleges and incorporates the foregoing paragraphs 1– 20 of these Counterclaims as if set forth in full hereat.

22.     DealerSocket has not used and does not use any method protected by any valid, enforceable, and asserted claim of the '752 patent.

23.     DealerSocket has not made, used, sold, offered for sale, or imported, and DealerSocket does not make, use, sell, offer for sale, or import, any system or medium protected by any valid, enforceable, and asserted claim of the '752 patent.

24.     By reason of the foregoing, DealerSocket is entitled to this Court's declaration that it does not infringe the '752 patent.

***Fifth Claim for Relief:  Declaration of Invalidity of the '752 Patent***

25.     DealerSocket hereby realleges and incorporates the foregoing paragraphs 1– 24 of these Counterclaims as if set forth in full hereat.

26.     Each of the asserted claims of the '752 patent is invalid:

    a.     under 35 U.S.C. § 101, for at least the reason that it is directed to an abstract idea;

    b.     under 35 U.S.C. § 102, for at least the reason that Cotton, the only named inventor, did not invent (or at least was not the sole inventor of) the subject matter of that claim, and Codd, who claims to have conceived and reduced that subject matter to practice, was omitted otherwise than through error;

    c.     under 35 U.S.C. § 103, for at least the reason that it is directed to the computerized automation of a previously known process;

    d.     under 35 U.S.C. § 112, for at least the reason that it lacks written description support;

11

1     e.     under 35 U.S.C. § 112, for at least the reason that it does not

2            particularly point out and distinctly claim the putative invention;

3            and/or

4     f.     under 35 U.S.C. §§ 102 and/or 103 as anticipated by or obvious in

5            light of the prior art.

6     27.     By reason of the foregoing, DealerSocket is entitled to this Court's

7 declaration that the asserted claims of the '752 patent are invalid.

8     ***Sixth Claim for Relief:  Declaration of Unenforceability of the '752 Patent***

9     28.     DealerSocket hereby realleges and incorporates the foregoing paragraphs 1–

10 27 of these Counterclaims as if set forth in full hereat.

11     29.     Codd claims to have conceived and reduced to practice the computerized

12 implementation of a previously known process to which the asserted claims of the '752

13 patent are directed.

14     30.     Codd's claimed conception and reduction to practice of the subject matter of

15 the asserted claims of the '752 patent was and is material to patentability.

16     31.     On information and belief, Cotton and others associated with the filing and

17 prosecution of the '752 patent knew that Codd had conceived and reduced to practice the

18 subject matter of the asserted claims of the '752 patent.

19     32.     On information and belief, Cotton and others associated with the filing and

20 prosecution of the '752 patent knew that Codd's conception and reduction to practice of

21 the subject matter of the asserted claims of the '752 patent was material.

22     33.     By reason of the foregoing, DealerSocket is entitled to this Court's

23 declaration that the '752 patent is unenforceable due to inequitable conduct in its

24 preparation, filing, and prosecution.

25     ***Seventh Claim for Relief:  Declaration of Non-Infringement of the '529 Patent***

26     34.     DealerSocket hereby realleges and incorporates the foregoing paragraphs 1–

27 33 of these Counterclaims as if set forth in full hereat.

28 / / /

1    35.   DealerSocket has not used and does not use any method protected by any

2    valid, enforceable, and asserted claim of the '529 patent.

3    36.   DealerSocket has not made, used, sold, offered for sale, or imported, and

4    DealerSocket does not make, use, sell, offer for sale, or import, any system protected by

5    any valid, enforceable, and asserted claim of the '529 patent.

6    37.   By reason of the foregoing, DealerSocket is entitled to this Court's

7    declaration that it does not infringe the '529 patent.

8    ***Eighth Claim for Relief:  Declaration of Invalidity of the '529 Patent***

9    38.   DealerSocket hereby realleges and incorporates the foregoing paragraphs 1–

10    37 of these Counterclaims as if set forth in full hereat.

11    39.   Each of the asserted claims of the '529 patent is invalid:

12        a.   under 35 U.S.C. § 101, for at least the reason that it is directed to an

13            abstract idea;

14        b.   under 35 U.S.C. § 102, for at least the reason that Cotton, the only

15            named inventor, did not invent (or at least was not the sole inventor

16            of) the subject matter of that claim, and Codd, who claims to

17            conceived and reduced that subject matter to practice, was omitted

18            otherwise than through error;

19        c.   under 35 U.S.C. § 103, for at least the reason that it is directed to the

20            computerized automation of a previously known process;

21        d.   under 35 U.S.C. § 112, for at least the reason that it lacks written

22            description support;

23        e.   under 35 U.S.C. § 112, for at least the reason that it does not

24            particularly point out and distinctly claim the putative invention;

25            and/or

26        f.   under 35 U.S.C. §§ 102 and/or 103 as anticipated by or obvious in

27            light of the prior art.

28    / / /

13

40.    By reason of the foregoing, DealerSocket is entitled to this Court's declaration that the asserted claims of the '529 patent are invalid.

***Ninth Claim for Relief:  Declaration of Unenforceability of the '529 Patent***

41.    DealerSocket hereby realleges and incorporates the foregoing paragraphs 1–40 of these Counterclaims as if set forth in full hereat.

42.    Codd claims to have conceived and reduced to practice the computerized implementation of a previously known process to which the asserted claims of the '529 patent are directed.

43.    Codd's claimed conception and reduction to practice of the subject matter of the asserted claims of the '529 patent was and is material to patentability.

44.    On information and belief, Cotton and others associated with the filing and prosecution of the '529 patent knew that Codd had conceived and reduced to practice the subject matter of the asserted claims of the '529 patent.

45.    On information and belief, Cotton and others associated with the filing and prosecution of the '529 patent knew that Codd's conception and reduction to practice of the subject matter of the asserted claims of the '529 patent was material.

46.    By reason of the foregoing, DealerSocket is entitled to this Court's declaration that the '529 patent is unenforceable due to inequitable conduct in its preparation, filing, and prosecution.

***Tenth Claim for Relief:  Declaration of Non-infringement of the '461 Patent***

47.    DealerSocket hereby realleges and incorporates the foregoing paragraphs 1–46 of these Counterclaims as if set forth in full hereat.

48.    DealerSocket has not used and does not use any method protected by any valid, enforceable, and asserted claim of the '461 patent.

49.    DealerSocket has not made, used, sold, offered for sale, or imported, and DealerSocket does not make, use, sell, offer for sale, or import, any system protected by any valid, enforceable, and asserted claim of the '461 patent.

/ / /

14

1      50.    By reason of the foregoing, DealerSocket is entitled to this Court's

2  declaration that it does not infringe the '461 patent.

3          ***Eleventh Claim for Relief:  Declaration of Invalidity of the '461 Patent***

4      51.    DealerSocket hereby realleges and incorporates the foregoing paragraphs 1–

5  50 of these Counterclaims as if set forth in full hereat.

6      52.    Each of the asserted claims of the '461 patent is invalid:

7              a.      under 35 U.S.C. § 101, for at least the reason that it is directed to an

8                      abstract idea;

9              b.      under 35 U.S.C. § 102, for at least the reason that Cotton, the only

10                     named inventor, did not invent (or at least was not the sole inventor

11                     of) the subject matter of that claim, and Codd, who claims to have

12                     conceived and reduced that subject matter to practice, was omitted

13                     otherwise than through error;

14             c.      under 35 U.S.C. § 103, for at least the reason that it is directed to the

15                     computerized automation of a previously known process;

16             d.      under 35 U.S.C. § 112, for at least the reason that it lacks written

17                     description support;

18             e.      under 35 U.S.C. § 112, for at least the reason that it does not

19                     particularly point out and distinctly claim the putative invention;

20                     and/or

21             f.      under 35 U.S.C. §§ 102 and/or 103 as anticipated by or obvious in

22                     light of the prior art.

23     53.    By reason of the foregoing, DealerSocket is entitled to this Court's

24  declaration that the asserted claims of the '461 patent are invalid.

25         ***Twelfth Claim for Relief:  Declaration of Unenforceability of the '461 Patent***

26     54.    DealerSocket hereby realleges and incorporates the foregoing paragraphs 1–

27  53 of these Counterclaims as if set forth in full hereat.

28  / / /

ANSWER TO FIRST AMENDED
COMPLAINT; COUNTERCLAIMS

55. Codd claims to have conceived and reduced to practice the computerized implementation of a previously known process to which the asserted claims of the '461 patent are directed.

56. Codd's claimed conception and reduction to practice of the subject matter of the asserted claims of the '461 patent was and is material to patentability.

57. On information and belief, Cotton and others associated with the filing and prosecution of the '461 patent knew that Codd had conceived and reduced to practice the subject matter of the asserted claims of the '461 patent.

58. On information and belief, Cotton and others associated with the filing and prosecution of the '461 patent knew that Codd's conception and reduction to practice of the subject matter of the asserted claims of the '461 patent was material.

59. By reason of the foregoing, DealerSocket is entitled to this Court's declaration that the '461 patent is unenforceable due to inequitable conduct in its preparation, filing, and prosecution.

**Thirteenth Claim for Relief:  Declaration of Non-Infringement of the '791 Patent**

60. DealerSocket hereby realleges and incorporates the foregoing paragraphs 1–59 of these Counterclaims as if set forth in full hereat.

61. DealerSocket has not used and does not use any method protected by any valid, enforceable, and asserted claim of the '791 patent.

62. DealerSocket has not made, used, sold, offered for sale, or imported, and DealerSocket does not make, use, sell, offer for sale, or import, any system protected by any valid, enforceable, and asserted claim of the '791 patent.

63. By reason of the foregoing, DealerSocket is entitled to this Court's declaration that it does not infringe the '791 patent.

**Fourteenth Claim for Relief:  Declaration of Invalidity of the '791 Patent**

64. DealerSocket hereby realleges and incorporates the foregoing paragraphs 1–63 of these Counterclaims as if set forth in full hereat.

/ / /

16

ANSWER TO FIRST AMENDED COMPLAINT; COUNTERCLAIMS

65. Each of the asserted claims of the '791 patent is invalid:

    a.   under 35 U.S.C. § 101, for at least the reason that it is directed to an abstract idea;

    b.   under 35 U.S.C. § 102, for at least the reason that Cotton, the only named inventor, did not invent (or at least was not the sole inventor of) the subject matter of that claim, and Codd, who claims to have conceived and reduced that subject matter to practice, was omitted otherwise than through error;

    c.   under 35 U.S.C. § 103, for at least the reason that it is directed to the computerized automation of a previously known process;

    d.   under 35 U.S.C. § 112, for at least the reason that it lacks written description support;

    e.   under 35 U.S.C. § 112, for at least the reason that it does not particularly point out and distinctly claim the putative invention; and/or

    f.   under 35 U.S.C. §§ 102 and/or 103 as anticipated by or obvious in light of the prior art.

66. By reason of the foregoing, DealerSocket is entitled to this Court's declaration that the asserted claims of the '791 patent are invalid.

**_Fifteenth Claim for Relief:  Declaration of Unenforceability of the '791 Patent_**

67. DealerSocket hereby realleges and incorporates the foregoing paragraphs 1–66 of these Counterclaims as if set forth in full hereat.

68. Codd claims to have conceived and reduced to practice the computerized implementation of a previously known process to which the asserted claims of the '791 patent are directed.

69. Codd's claimed conception and reduction to practice of the subject matter of the asserted claims of the '791 patent was and is material to patentability.

/ / /

17

1    70.    On information and belief, Cotton and others associated with the filing and
2  prosecution of the '791 patent knew that Codd had conceived and reduced to practice the
3  subject matter of the asserted claims of the '791 patent.

4    71.    On information and belief, Cotton and others associated with the filing and
5  prosecution of the '791 patent knew that Codd's conception and reduction to practice of
6  the subject matter of the asserted claims of the '791 patent was material.

7    72.    By reason of the foregoing, DealerSocket is entitled to this Court's
8  declaration that the '791 patent is unenforceable due to inequitable conduct in its
9  preparation, filing, and prosecution.

10                              **PRAYER FOR RELIEF**

11  WHEREFORE, DealerSocket respectfully prays:

12    A.    that AutoAlert take nothing by its Amended Complaint; and for a judgment
13          against AutoAlert, and in favor of DealerSocket, on each of AutoAlert's
14          claims;

15    B.    that the Court award to DealerSocket its costs of suit;

16    C.    that the Court declare this an exceptional case and award to DealerSocket its
17          attorneys' fees, under 35 U.S.C. § 285;

18    D.    for a judgment declaring that DealerSocket has not infringed, and is not
19          infringing, any valid, enforceable, and asserted claim of any of the Asserted
20          Patents;

21    E.    for a judgment declaring that at least the asserted claims of each of the
22          Asserted Patents are invalid;

23    F.    for a judgment declaring that each of the Asserted Patents is unenforceable;
24          and

25    G.    for such other and further relief that this Court deems just and proper.

26                                **JURY DEMAND**

27  Pursuant to Rule 38, DealerSocket demands TRIAL BY JURY of all issues so
28  triable, whether presented by AutoAlert's claims in the Amended Complaint,

1    DealerSocket's defenses to those claims, DealerSocket's Counterclaims, AutoAlert's

2    defenses to those Counterclaims, or otherwise.

3    DATED:  December 5, 2013                    Sterling A. Brennan
                                                 Tyson K. Hottinger
4                                                MASCHOFF BRENNAN LAYCOCK
                                                     GILMORE, ISRAELSEN & WRIGHT PLLC
5
                                                 By: _____
6
                                                        Sterling A. Brennan
7                                                Attorneys for Defendant and Counterclaimant
                                                 DEALERSOCKET, INC.
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                             19

1

## PROOF OF SERVICE

2

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is Maschoff Brennan, 20 Pacifica, Suite 1130, Irvine, California 92618.

3

4

5

On December 5, 2013, I served the foregoing document:

**DEALERSOCKET, INC.'S ANSWER TO AUTOALERT, INC.'S FIRST AMENDED COMPLAINT; AND COUNTERCLAIMS; JURY TRIAL DEMANDED**

6

7

8

**BY FAX:** By transmitting via facsimile the document(s) listed above to the fax number(s) set forth below.

9

10

**BY ELECTRONIC SERVICE VIA ONELEGAL FILING SERVICE:** I caused the document(s) listed above to be served through the OneLegal E-Filing Service at www.onelegal.com addressed to all parties appearing on the electronic service list for the above-entitled case.

11

12

**BY ELECTRONIC SERVICE:** By electronically mailing a true and correct copy through Maschoff Brennan's electronic mail system to the e-mail address(s) as stated on the attached service list

13

14

☒ **BY MAIL:**  By placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States Mail at Irvine, California addressed as set forth below.

15

16

**BY PERSONAL:**  By arranging with a courier service to personally deliver the document(s) listed above to the person(s) at the address(es) set forth below..

17

18

**BY OVERNIGHT DELIVERY:**  By placing the document(s) listed above in a sealed envelope with delivery fees provided for, addressed as follows for collection by FedEx for overnight mail in Irvine, California, in accordance with Maschoff Brennan ordinary business practices.

19

20

21

*~ SEE ATTACHED SERVICE LIST ~*

22

(*Federal*)  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

23

24

Executed on December 5, 2013, at Irvine, California.

25

26

_____
Cathy Nickol

27

28

PROOF OF SERVICE

## SERVICE LIST
### *AutoAlert, Inc. v. DealerSocket, Inc.*
### *CASE NO. 8:13cv657 SJO (JPR)*

Craig S. Summers                                    *Attorneys for Plaintiff*
 craig.summers@knobbe.com
David G. Jankowski
 david.jankowski@knobbe.com
Cheryl T. Burgess
 cheryl.burgess@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR
2040 Main Street, Fourteenth Floor
Irvine, CA  92614

Phone:  (949) 760-0404
Fax:      (949) 760-9502