1  Craig S. Summers (SBN 108,688)
   craig.summers@knobbe.com
2  David G. Jankowski (SBN 205,634)
   david.jankowski@knobbe.com
3  Cheryl T. Burgess (SBN 250,101)
   cheryl.burgess@knobbe.com
4  **KNOBBE, MARTENS, OLSON & BEAR, LLP**
   2040 Main Street, Fourteenth Floor
5  Irvine, CA 92614
   Telephone:  (949) 760-0404
6  Facsimile:   (949) 760-9502

7  Attorneys for Plaintiff and Counterdefendant
   **AUTOALERT, INC.**
8
   Sterling A. Brennan (SBN 126019)
9  sbrennan@mabr.com
   Tyson K. Hottinger (SBN 253221)
10 thottinger@mabr.com
   **MASCHOFF BRENNAN**
11 20 Pacifica, Suite 1130
   Irvine, California 92618
12 Telephone: (949) 202-1900
   Facsimile:  (949) 453-1104
13
   Attorneys for Defendant and Counterclaimant
14 **DEALERSOCKET, INC.**

15             IN THE UNITED STATES DISTRICT COURT

16           FOR THE CENTRAL DISTRICT OF CALIFORNIA

17

18 AUTOALERT, INC.,                    ) Case No. SACV 13-00657 SJO (JPRx)
                                        )
19             Plaintiff,              ) **STIPULATED AMENDED**
                                        ) **PROTECTIVE ORDER**
20     v.                              )
                                        ) The Hon. S. James Otero,
21 DEALERSOCKET, INC.,                 ) District Judge
                                        )
22             Defendant.              ) The Hon. Jean P. Rosenbluth,
                                        ) Magistrate Judge
23 AND RELATED COUNTERCLAIMS           )
                                        )
24

25

26

27

28

## **GOOD CAUSE STATEMENT**

The above-captioned action (the "Action") is likely to involve discovery of documents and testimony containing trade secrets and other confidential and proprietary commercial information of the parties to this Action and non-parties who may be subpoenaed to provide deposition testimony and documents, specifically including confidential and commercially sensitive information relating to proprietary software, business strategies, goods and services capabilities, sales, costs, pricing, profitability, customers, suppliers, and other business and financial data, which, if disclosed other than as specified herein, will pose a significant risk of injury to the legitimate business interests of the disclosing party. This Order is necessary to protect the legitimate business interests of the disclosing parties in such information, and good cause exists for the entry of this Order. The parties to this Action, plaintiff and counterdefendant AutoAlert, Inc. ("AutoAlert") and defendant and counterclaimant DealerSocket, Inc. ("DealerSocket") (hereinafter, jointly, the "Parties," and each singularly, "Party") have agreed to be bound by the terms of this Order in this Action.

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and pursuant to the stipulation and agreement of the Parties,

IT IS HEREBY ORDERED, that if, in the course of these proceedings, any Party or non-party has the occasion to disclose information deemed in good faith to constitute confidential proprietary information of the type contemplated by Rule 26(c) of the Federal Rules of Civil Procedure, through formal discovery or otherwise, the following procedures shall be employed and the following restrictions shall govern the handling of documents, depositions, pleadings, exhibits, and all other information exchanged by the Parties in this Action, or provided by or obtained from non-parties to this Action.

/ / /

## 1.  PURPOSES AND LIMITATIONS

1.1  Disclosure and discovery activities in this Action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting and defending this litigation may be warranted.   The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.   The Parties further acknowledge, as set forth in Section 13.3, below, that this Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 and Docket Text Order On Notice of Under Seal Filing Procedures (Docket No. 30) set forth the procedures that shall be followed and the standards that will be applied when a Party seeks permission from the Court to file material under seal.

## 2.  DEFINITIONS

2.1  "Challenging Party" shall mean a Party or Non-Party that challenges the designation of information or items under this Order.

2.2  "CONFIDENTIAL" information or items shall mean information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3  "Designating Party" shall mean a Party or Non-Party that designates information or items that it produces as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL–OUTSIDE COUNSELS' EYES ONLY," "HIGHLY CONFIDENTIAL–PROSECUTION BAR," or "HIGHLY CONFIDENTIAL– SOURCE CODE."

2.4  "Disclosure or Discovery Material" shall mean all items or information, regardless of the medium or manner in which it is generated,

stored, or maintained (including, among other things, documents, testimony, transcripts, and tangible things), that are produced or generated in disclosures, whether formal or informal, or responses to discovery in this matter.

2.5 "Expert" shall mean a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.6 "HIGHLY CONFIDENTIAL–OUTSIDE COUNSELS' EYES ONLY" information or items shall mean extremely sensitive confidential information or items, for which the disclosure of the information or items to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.7 "HIGHLY CONFIDENTIAL–PROSECUTION BAR" information or items shall mean extremely sensitive confidential information or items, for which the disclosure of the information or items to another Party, another Party's outside counsel engaging in Prosecution (as defined in Section 8), or a Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.8 "HIGHLY CONFIDENTIAL–SOURCE CODE" information or items shall mean extremely sensitive confidential information or items comprising Source Code, including associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of the Source Code, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.9 "In-House Counsel" shall mean attorneys who are employees of a Party to this Action. In-House Counsel does not include outside counsel of record or any other outside counsel.

2.10 "Non-Party" shall mean any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

2.11 "Outside Counsel of Record" shall mean attorneys who are not employees of a Party to this Action, but are retained to represent or advise a Party to this Action and have appeared in this Action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.

2.12 "Party" shall mean any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13 "Producing Party" shall mean a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.14 "Professional Vendors" shall mean persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15 "Protected Material" shall mean any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL– OUTSIDE COUNSELS' EYES ONLY," HIGHLY CONFIDENTIAL–PROSECUTION BAR," or "HIGHLY CONFIDENTIAL– SOURCE CODE."

2.16 "Receiving Party" shall mean a Party that receives Disclosure or Discovery Material from a Producing Party.

2.17 "Source Code" means computer code, scripts, assembly, object code, source code listings and descriptions of source code, object code listings and descriptions of object code along with related files or other related information (*e.g.*, configuration files, Makefiles, files storing input or output related to source code and/or the program that the source code underlies, files or web-based repository information related to source code management and/or

revision systems, read me files, etc.).

**3. SCOPE**

3.1  The protections conferred by this Order cover Protected Material, and also (1) any confidential information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any deposition testimony, conversations, or presentations by Parties or their Outside Counsel of Record that reveal Protected Material.

3.2  The protections conferred by this Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of public disclosure not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

**4. DURATION**

4.1   Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order directs otherwise.   Final disposition is deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

/ / /

/ / /

/ / /

## 5.  DESIGNATING PROTECTED MATERIAL

5.1  *Exercise of Restraint and Care in Designating Material for Protection*.  Each Party or Non-Party that designates information or items for protection under this Order shall take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party shall designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

5.2  If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party shall promptly notify the other Party that it is withdrawing the mistaken designation.

5.3  Except as otherwise provided in this Order (*see, e.g.*, Section 5.3(b) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order shall be clearly so designated before the material is disclosed or produced.  Designation in conformity with this Order requires:

(a)  For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings):

(i)  The Producing Party shall affix the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL–OUTSIDE COUNSELS' EYES ONLY," "HIGHLY CONFIDENTIAL–PROSECUTION BAR," or "HIGHLY CONFIDENTIAL – SOURCE CODE." to each page that contains Protected Material.  If portions of an

integrated, multi-page document, including a response to a discovery request, qualifies for protection, then the Producing Party shall affix the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL–OUTSIDE COUNSELS' EYES ONLY," "HIGHLY CONFIDENTIAL– PROSECUTION BAR," "HIGHLY CONFIDENTIAL – SOURCE CODE." on the first page of the document and then on each page of the document that qualifies for protection.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party shall identify the protected portion(s) (such as by making appropriate markings in the margins) and shall specify, for each portion, the level of protection being asserted.

(ii)  A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL–OUTSIDE COUNSELS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party shall determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party shall affix the appropriate legend (e.g., "CONFIDENTIAL," "HIGHLY CONFIDENTIAL–OUTSIDE COUNSELS' EYES ONLY," "HIGHLY CONFIDENTIAL–PROSECUTION BAR," or "HIGHLY CONFIDENTIAL–SOURCE CODE.") to each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party shall clearly identify the protected portion(s) (such as by making appropriate markings in the

-7-

margins) and shall specify, for each portion, the level of protection being asserted.

(b) For testimony given in deposition:

(i)    When practical, a Designating Party may separately identify on the record, before the close of the deposition, each portion of testimony entitled to protection and specify the level of protection being asserted;

(ii)    A Designating Party may also invoke on the record, before the close of the deposition, that the testimony includes Protected Material, and that the Designating Party is invoking its right to have twenty-one (21) days to (a) identify the specific portions of the testimony as to which protection is sought, and (b) specify the level(s) of protection being asserted.   Only those portions of the testimony that are appropriately designated for protection in writing within the twenty-one (21) days shall be covered by the provisions of this Order.

(iii)   Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party.   The Designating Party shall inform the court reporter of these requirements.   Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL–OUTSIDE COUNSELS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

/ / /

(c)     For information produced in some form other than documentary and for any other tangible items, the Producing Party shall affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL–OUTSIDE COUNSELS' EYES ONLY," "HIGHLY CONFIDENTIAL–PROSECUTION BAR," or "HIGHLY CONFIDENTIAL–SOURCE CODE."  If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.4 *Inadvertent Failures to Designate*.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party shall make reasonable efforts to ensure that the material is treated in accordance with the provisions of this Order.

## 6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1 *Timing of Challenges*.  Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 *Meet and Confer*.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.  The Parties shall attempt to resolve each challenge in good faith and shall begin the process by conferring within ten (10) days of the date of service of notice.  In conferring,

the Challenging Party shall explain the basis for its belief that the confidentiality designation was not proper and shall give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. The Parties shall comply with the requirements set forth in Local Rule 37-1 before seeking judicial intervention.

6.3 *Judicial Assistance*.  Prior to seeking judicial assistance, the Parties shall comply with Local Rule 37-1. If the Parties cannot resolve a challenge without court assistance, the Parties shall comply with Local Rule 37-2 and draft a joint stipulation pursuant to Local Rule 37-2.1.  The Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof.  The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  All Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.  Either Party may challenge the Producing Party's designation on an *ex parte* basis if justice so requires without complying with Sections 6.2 and 6.3. Any *ex parte* application must comply with Local Rule 7-19.

## 7.  ACCESS TO AND USE OF PROTECTED MATERIAL

7.1 *Basic Principles*.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party shall comply with the provisions of Section 14 below (FINAL DISPOSITION).  Protected Material shall be stored and maintained by a Receiving Party at a location and in a secure manner,

consistent with this Order, that ensures that access is limited to the persons authorized under this Order.

7.2 *Disclosure of "CONFIDENTIAL" Information or Items.* Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) the officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation, who have reviewed and signed the "Acknowledgment and Agreement To Be Bound By Stipulated Protective Order" (Exhibit A);

(c) Experts of the Receiving Party to whom disclosure is reasonably necessary for this litigation, who have reviewed and signed the "Acknowledgment and Agreement To Be Bound By Stipulated Protective Order" (Exhibit A), and for whom the requirements of Section 7.5 have been satisfied;

(d) any neutral retained in connection with alternative dispute resolution proceedings related to this litigation;

(e) any court or other shorthand reporter or typist recording or transcribing testimony and its personnel;

(f) jury consultants who have signed the "Acknowledgment and Agreement To Be Bound By Stipulated Protective Order" (Exhibit A);

(g) Professional Vendors to whom disclosure is reasonably necessary for this litigation;

/ / /

/ / /

(h) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.3 *Disclosure of "HIGHLY CONFIDENTIAL–OUTSIDE COUNSELS' EYES ONLY" information or items.* Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated of "HIGHLY CONFIDENTIAL–OUTSIDE COUNSELS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) Experts of the Receiving Party to whom disclosure is reasonably necessary for this litigation, who have reviewed and signed the "Acknowledgment and Agreement To Be Bound By Stipulated Protective Order" (Exhibit A), and for whom the requirements of Section 7.5 have been satisfied;

(c) any neutral retained in connection with alternative dispute resolution proceedings related to this litigation;

(d) any court or other shorthand reporter or typist recording or transcribing testimony and its personnel;

(e) jury consultants who have signed the "Acknowledgment and Agreement To Be Bound By Stipulated Protective Order" (Exhibit A);

(f) Professional Vendors to whom disclosure is reasonably necessary for this litigation;

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

/ / /

7.4 *Disclosure of "HIGHLY CONFIDENTIAL–PROSECUTION BAR" and "HIGHLY CONFIDENTIAL–SOURCE CODE" information or items.* Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated of "HIGHLY CONFIDENTIAL–PROSECUTION BAR" or "HIGHLY CONFIDENTIAL–SOURCE CODE" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation, except as set forth in Section 8 below;

(b) Experts of the Receiving Party to whom disclosure is reasonably necessary for this litigation, who have reviewed and signed the "Acknowledgment and Agreement To Be Bound By Stipulated Protective Order" (Exhibit A), and for whom the requirements of Section 7.5 have been satisfied;

(c) any neutral retained in connection with alternative dispute resolution proceedings related to this litigation;

(d) any court or other shorthand reporter or typist recording or transcribing testimony and its personnel;

(e) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.5 *The following procedures shall apply for approving or objecting to the disclosure of Protected Material to an Expert.*

(a) Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, a Party that seeks to disclose Protected Material to an Expert shall first make a written request to the Designating Party that (1) sets forth the full name of the Expert and the city and state of his or her primary

residence, (2) attaches a copy of the Expert's current resume, (3) identifies the Expert's current employer(s), (4) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding three years, and (5) identifies any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding three years. The written request shall be accompanied by an "Acknowledgment and Agreement To Be Bound By Stipulated Protective Order" (Exhibit A) executed by the Expert.

(b) A Party that makes a request and provides the information specified in Section 7.5(a) may disclose the subject Protected Material to the identified Expert unless, within ten (10) days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection shall set forth in detail the grounds on which the objection is based.

(c) A Party that receives a timely written objection shall meet and confer with the Designating Party to try to resolve the matter by agreement within ten (10) days of the written objection. The Parties shall meet and confer pursuant to Local Rule 37-1. If the Parties cannot resolve the objection without court intervention, the Parties shall comply with Local Rule 37-2 and draft a joint stipulation pursuant to Local Rule 37-2. In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert. Either Party may seek *ex parte* relief related to an objection to disclose Protected Material to an Expert if justice so requires without complying with Sections 7.5(b) and 7.5(c). Any *ex parte* application must comply with Local Rule 7-19.

-14-

**8.  PROSECUTION BAR**

8.1  Any individual that actually reviews materials designated "HIGHLY CONFIDENTIAL–PROSECUTION BAR" or "HIGHLY CONFIDENTIAL– SOURCE CODE" shall not be involved in the Prosecution of any patent or application claiming priority to or otherwise related to the patents asserted in this action, before any foreign or domestic agency, including the United States Patent  and Trademark Office.  For purposes of this paragraph, "Prosecution" means preparing, drafting, amending, or otherwise affecting the scope of patent claims. "Prosecution" as used in this paragraph does not include representing a party before a domestic or foreign agency in connection with a protest, ex parte reexamination, inter partes review, third-party submission, covered business method, post grant review, or similar such proceeding.

8.2  The Prosecution Bar described herein shall begin when "HIGHLY CONFIDENTIAL–PROSECUTION BAR" or "HIGHLY CONFIDENTIAL – SOURCE CODE" information is first reviewed by the affected individual and shall end two (2) years after the final resolution of this action, including all appeals. This Prosecution Bar is limited to the "HIGHLY CONFIDENTIAL– PROSECUTION BAR" or "HIGHLY CONFIDENTIAL – SOURCE CODE" material actually reviewed by the individual, is personal to that individual, and shall not be imputed to any other person or entity.

**9.  SOURCE CODE**

(a) To the extent production of Source Code becomes necessary in this case, a Producing Party may designate Source Code as "HIGHLY CONFIDENTIAL–SOURCE CODE" if it satisfies the definition of "HIGHLY CONFIDENTIAL–SOURCE CODE" given in Section 2.8, above.

(b) Protected Material designated as "HIGHLY CONFIDENTIAL– SOURCE CODE" shall be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY" information,

1  including the Prosecution Bar set forth in Section 8, and may be disclosed only

2  to the individuals set forth in Section 7.4.

3       (c) Any Source Code produced in discovery shall be made available

4  for inspection in its native format if possible, or if not it shall be made available

5  in a format allowing it to be reasonably reviewed and searched.

6       (d) The Source Code shall be made available for inspection during

7  normal business hours (*i.e.,* 9 am to 5 pm, Monday through Friday (excluding

8  holidays)) or at other mutually agreeable times, at an office of the Producing

9  Party's counsel or another mutually agreed upon location.

10       (e) The Source Code shall be made available for inspection on a

11  secured computer in a secured room without Internet access or network access

12  to other computers.  The secured computer shall be equipped with a modern

13  QWERTY keyboard, an optical mouse, mouse pad, two display screens, and

14  sufficient USB or other ports enabled for such configuration.  The secured

15  computer shall be equipped with Windows XP or a later version of the

16  Windows operating system, at least 100 GB of hard disk storage, at least 2 GB

17  of RAM, and a modern processor.

18       (f)  The secured computer shall contain the tools used for viewing,

19  searching, and compiling the Source Code that are presently used in the ordinary

20  course of the Producing Party's business, including any version control tools

21  and software development tools used by the Producing Party.  In addition, the

22  Receiving Party shall notify the Producing Party of any additional commercially

23  available software tools reasonably requested by the Receiving Party or its

24  experts to be used exclusively for assisting the reviewing and searching of the

25  source code.  Upon request by the Producing Party, the Receiving Party shall

26  provide to the Producing Party the additional commercially available software

27  tools to be used on the secured computer.  The Receiving Party shall provide

28  and pay for the commercially available software tools it requests.

(g)  The Receiving Party shall not copy, remove, or otherwise transfer any portion of the Source Code onto any recordable media or recordable device. Notwithstanding the foregoing, the Receiving Party may bring notepads into the secured room for the sole purpose of taking and reviewing his or her notes.  The Receiving Party's representatives may take notes relating to the source code, but may not copy the source code into the notes (other than small snippets of code when narrowly tailored and reasonably necessary to facilitate the Receiving Party's furtherance of its claims or defenses in the case).  The notes shall be marked "HIGHLY CONFIDENTIAL–SOURCE CODE."

(h)  The Producing Party may visually monitor the activities of the Receiving Party's representatives during any Source Code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the source code.

(i)  The Receiving Party may print paper copies of limited portions of Source Code that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial, but shall not print paper copies for the purpose of reviewing the source code other than electronically as set forth in paragraph (c) in the first instance. The Producing Party shall make available a color laser printer with commercially reasonable printing speeds for on-site color printing during inspections of the Source Code. The Producing Party shall provide paper for use in printing Source Code, pre-marked to include bates numbers and the label "HIGHLY CONFIDENTIAL–SOURCE CODE."  The Producing Party shall keep the originals of the printed Source Code, and color copies shall be made for the Receiving Party within one business day.

(j)  Except as otherwise provided herein, no more than 750 pages of the total Source Code for a software release may be in printed form at any one time.  Additionally, except as otherwise provided herein, the Receiving Party

-17-

shall not print out any continuous block of Source Code that results in more than thirty (30) consecutive printed pages.  If necessary, the Receiving Party may request to print additional pages in excess of the 750 pages of total Source Code for a software release, or continuous blocks that exceed thirty (30) consecutive pages, which the Producing Party shall not unreasonably deny.

(k)  The Producing Party may challenge the amount of Source Code printed in hard copy form in excess of 750 pages of the total Source Code for any software release or continuous blocks that exceed thirty (30) consecutive pages.  Any challenge shall be made pursuant to the dispute resolution procedure and timeframes set forth in Section 6 with the Producing Party as the "Challenging Party" and the Receiving Party as the "Designating Party" for purposes of dispute resolution.

(l) The Receiving Party shall maintain a record of any individual who has inspected any portion of the Source Code in electronic or paper form. The Receiving Party shall maintain all paper copies that it makes or allows to be made of any printed portions of the source code in a secured, locked area. The Receiving Party shall not create or allow to be created any electronic or other images of the paper copies and shall not convert or allow to be converted into any electronic format any of the information contained in the paper copies. The Receiving Party shall only make additional paper copies if such additional copies are (1) necessary to prepare court filings, pleadings, or other papers (including a testifying expert's expert report), (2) necessary for deposition, or (3) otherwise necessary for the preparation of its case. Any paper copies used during a deposition shall be retrieved by the Producing Party at the end of each day and must not be given to or left with a court reporter or any other unauthorized individual.

/ / /

/ / /

**10. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

10.1  If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL–OUTSIDE COUNSELS' EYES ONLY," "HIGHLY CONFIDENTIAL–PROSECUTION BAR," or "HIGHLY CONFIDENTIAL–SOURCE CODE" that Party shall:

(a) Promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

(b) Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order.  Such notification shall include a copy of this Order; and

(c) Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.  If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce, unless otherwise ordered, any information designated in this Action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL–OUTSIDE COUNSELS' EYES ONLY," "HIGHLY CONFIDENTIAL–PROSECUTION BAR," or "HIGHLY CONFIDENTIAL–SOURCE CODE" before a determination by the court from which the subpoena or order issued or where compliance is required, unless the Party has obtained the Designating Party's written permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

/ / /

/ / /

10.2   The provisions set forth herein are not intended to, and do not, restrict in any way the procedures set forth in Federal Rule of Civil Procedure 45(d)(3) or (f).

## 11. NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

11.1   The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL–OUTSIDE COUNSELS' EYES ONLY," "HIGHLY CONFIDENTIAL–PROSECUTION BAR," or "HIGHLY CONFIDENTIAL– SOURCE CODE."   Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

11.2   In the event that a Party is required by a valid discovery request to produce a Non-Party's confidential information in its possession and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(a) Promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party; and

(b) Promptly provide the Non-Party with a copy of this Order, the relevant discovery request(s), and a reasonably specific description of the information requested.

11.3   If the Non-Party fails to object or seek a protective order from this Court within fourteen (14) days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a

protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

**12. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

12.1  If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party shall immediately:

(a)  Notify in writing the Designating Party of the unauthorized disclosures,

(b)  Use its best efforts to retrieve all unauthorized copies of the Protected Material, and

(c)  Inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and

(d)  request such person or persons to execute the "Acknowledgment and Agreement To Be Bound By Stipulated Protective Order" that is attached hereto as Exhibit A.

**13. MISCELLANEOUS**

13.1  *Right to Further Relief.*  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

13.2  *Right to Assert Other Objections.*  By stipulating to the entry of this Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

13.3  *Filing Protected Material.*  Without written permission from the Designating Party or a court order secured after appropriate notice to all

-21-

interested persons, a Party may not file in the public record in this Action any Protected Material.  A Party that seeks to file under seal any Protected Material shall comply with Civil Local Rule 79-5 and Docket Text Order On Notice of Under Seal Filing Procedures (D.I. 30).

13.4  Nothing in this Order shall bar or otherwise restrict Outside Counsel of Record from rendering advice to his or her client with respect to this Action and, in the course thereof, relying in a general way upon his or her examination of Protected Material produced or exchanged in this Action; provided, however, that in rendering such advice and in otherwise communicating with his or her client, the attorney shall not disclose the contents of Protected Material produced by any other Party or Non-Party.

**14. FINAL DISPOSITION**

14.1  Within sixty (60) days after the final disposition of this Action, as defined in Section 4, each Receiving Party shall return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party shall submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that:

(a) Identifies (by category, where appropriate) all the Protected Material that was returned or destroyed; and

(b) Affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Outside Counsel of Record are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and

-22-

1   consultant and expert work product, even if such materials contain Protected

2   Material.  Any such archival copies that contain or constitute Protected Material

3   remain subject to this Order as set forth in Section 4.

4

5        **IT IS SO ORDERED.**

6

7

8   Dated: <u>May 14, 2014</u>      _____

9                  Hon. Jean P. Rosenbluth
                       United States Magistrate Judge

10

11   **APPROVED AS TO FORM AND CONTENT:**

12

13   Date:  <u>May 7, 2014</u>          Date:  <u>May 7, 2014</u>

14   <u> /s/ Cheryl T. Burgess    </u>     <u>/s/ Tyson K. Hottinger (with permission)</u>

15   Craig S. Summers            Sterling A. Brennan
    David G. Jankowski          Tyson K. Hottinger

16   Cheryl T. Burgess            **MASCHOFF BRENNAN**
    **KNOBBE, MARTENS, OLSON**  20 Pacifica

17   **& BEAR, LLP**             Suite 1130
    2040 Main Street, 14th Floor    Irvine, CA 92618

18   Irvine, CA 92614

19                       Attorneys for Defendant and
    Attorneys for Plaintiff and       Counterclaimant

20   Counterdefendant             **DEALERSOCKET, INC.**
    **AUTOALERT, INC.**

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUTOALERT, INC., | ) Case No. SACV 13-00657 SJO (JPRx) |
| Plaintiff, | ) **ACKNOWLEDGMENT AND** |
| | ) **AGREEMENT TO BE BOUND BY** |
| v. | ) **STIPULATED PROTECTIVE** |
| | ) **ORDER** |
| DEALERSOCKET, INC., | ) |
| Defendant. | ) The Hon. S. James Otero, |
| | ) District Judge |
| | ) The Hon. Jean P. Rosenbluth, |
| AND RELATED COUNTERCLAIMS | ) Magistrate Judge |

I certify I have read and am familiar with the terms of the Stipulated Protective Order entered in the above-captioned lawsuit, a copy of which is attached.  I agree to be bound by the terms of that Order, and I agree I will use "CONFIDENTIAL," "HIGHLY CONFIDENTIAL–OUTSIDE COUNSELS' EYES ONLY," "HIGHLY CONFIDENTIAL–PROSECUTION BAR," or "HIGHLY CONFIDENTIAL–SOURCE CODE" information only in a manner authorized by the Order, and only to assist counsel in this lawsuit.  I agree that I will not disclose or discuss "CONFIDENTIAL," "HIGHLY CONFIDENTIAL– OUTSIDE COUNSELS' EYES ONLY," "HIGHLY CONFIDENTIAL– PROSECUTION BAR," or "HIGHLY CONFIDENTIAL–SOURCE CODE" information with anyone except as authorized by the terms of the Order.

I further understand my obligation to return and/or destroy documents as set forth in Section 14 of the Order and agree to be bound thereto.  I hereby submit to the jurisdiction of the Court for the purpose of ensuring compliance with this Order.

Dated: _____     Signature:_____

Printed Name:_____

-25-